**Motion Granted; Appeal Dismissed and Memorandum Opinion filed December 6, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00899-CV

**MATTHEW T. DEARMOND, III, Appellant**

**V.**

**TEXAS DOW EMPLOYEES CREDIT UNION, Appellee**

**On Appeal from the County Court at Law # 4 and Probate Court
Brazoria County, Texas
Trial Court Cause No. CI0048400**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed September 21, 2012. The notice of appeal was filed September 26, 2012. On October 31, 2012, appellee filed a motion to dismiss the appeal as moot and for failure to pay the appellate filing fee. According to appellee's motion and documents filed in this court, appellant's check tendered for a supersedeas bond was returned with a notation of insufficient funds. Because appellant did not supersede the judgment, appellee took possession of the property on October 23, 2012.

If a defendant in a forcible-detainer action is no longer in possession of the premises, an appeal from the forcible-detainer judgment is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). In this case, appellant did not file a supersedeas bond and appellee took possession of the property.

Moreover, to date, our records show that appellant has not paid the $175.00 appellate filing fee. *See* Tex. R. App. P. 5 (requiring payment of fees in civil cases unless indigent); Tex. R. App. P. 20.1 (listing requirements for establishing indigence); *see also*; Tex. Gov't Code Ann. § 51.207.

On November 1, 2012, this court ordered appellant to pay the appellate filing fee on or before November 16, 2012, or the appeal would be dismissed. Appellant has not paid the appellate filing fee, nor has he responded to appellee's motion.

Accordingly, the appeal is ordered dismissed. *See* Tex. R. App. P. 42.3(c) (allowing involuntary dismissal of case because appellant has failed to comply with notice from clerk requiring response or other action within specified time).


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.